IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00412-PAB-KMT

KYRA TURNER-SCHLIEMAN,

Plaintiff,

v.

CENTURA HEALTH CORPORATION,

Defendant.

**STIPULATED PROTECTIVE ORDER**

The parties to this action, their counsel, and any other person who agrees in writing to become bound by the terms of this Stipulated Protective Order (the "Order"), are bound by this Order.

Having shown good cause in support of the entry of this Order to protect against the dissemination of the Confidential Information set forth herein, and recognizing the parties to this case have stipulated hereto, IT IS HEREBY ORDERED:

1. This Order shall apply to all "Confidential Information." Confidential Information may include, but is not limited to: (i) non-public information about a past, present or potential employee of the Centura Health Corporation, including any personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to such individuals; (ii) non-public proprietary, strategic or commercial information, policies, data or research, including, but not limited to, contracts or service agreements of Centura or one or more of its affiliated

entities, including its Flight for Life Program throughout Colorado (the "Program"); and (iii) non-public information about Plaintiff Kyra Turner-Schlieman's employment, employment history, health, health care, family, finances and personal data, as well as all of the documents and other information set forth in Paragraph 3.

2. As used in the Order, the term "document" is defined as provided in FED. R. CIV. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be any information that is designated as sensitive by the attorneys for the disclosing party including, but not limited to, printed documents, files, portions of files, computer disks or other electronic media, information contained in documents or electronic media, information revealed during depositions and/or transcribed testimony, and information revealed in interrogatory answers. Prior to designation, counsel will review the information and the designation as CONFIDENTIAL will be based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection under Fed. R. Civ. P. 26(c). In general, "CONFIDENTIAL INFORMATION" includes and may be claimed with respect to information which is CONFIDENTIAL or proprietary in nature including, but not limited to, personnel information, trade secrets, research and development, customer lists or other commercial information that has been kept CONFIDENTIAL by the producing party, as well as any internal employee benefit, corporate EEO and security investigation files, as well as any information that implicates a common law or statutory privacy interest such as personal identifying information, personnel information, medical and financial information, or any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c).

4853-1435-6743.1

4. CONFIDENTIAL INFORMATION shall not be disclosed, either verbally or in writing, or used for any purpose except for the prosecution and defense of this case; CONFIDENTIAL INFORMATION shall not be used for any business or other purpose whatsoever.

5. CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a) attorneys actively working on this case;

b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at trial, or at other proceedings in this case;

c) the parties, including the parties' respective employees, agents and representatives;

d) expert witnesses or consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e) the Court (and any appellate court), including court personnel, jurors and alternate jurors (collectively, "Court Personnel");

f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g) deponents, witnesses, or potential witnesses;

h) other persons by written agreement of the parties.

6. No copies of CONFIDENTIAL information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation. During the pendency of this litigation, counsel shall retain custody of any copies made of CONFIDENTIAL information pursuant to this paragraph.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than parties, counsel, persons employed by counsel, Court Personnel, jurors and alternate jurors, and stenographic reporters), counsel shall provide such person with a copy of this Order and obtain from such person a written acknowledgment, in the form attached hereto as "Exhibit A," stating that he or she has read this Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. The party's counsel who discloses CONFIDENTIAL information shall be responsible for assuring compliance with the terms of this Order with respect to persons to whom such CONFIDENTIAL information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of CONFIDENTIAL information, and shall maintain a list of all persons to whom any CONFIDENTIAL information is disclosed.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of CONFIDENTIAL information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial

4853-1435-6743.1

need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Additionally:

    a. Where CONFIDENTIAL information is provided in response to a discovery request, the responding party's response shall be designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request; and

    b. Where CONFIDENTIAL information has already been exchanged in the course of discovery prior to the Court's entry of this Order, a party may, within ten (10) calendar days following the Court's entry of this Order, designate any previously-produced documents or information as CONFIDENTIAL by written communication to the other party.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall, at the election of counsel, be designated as CONFIDENTIAL and shall be subject to the provisions of this Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within ten (10) days after notice by the court reporter of the completion of the transcript.

4853-1435-6743.1

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party making the disputed designation. The written notice shall identify specific grounds for objection to the designation of information as CONFIDENTIAL. If, after making a good faith effort to resolve the objection on an informal basis, the parties are unable to resolve the dispute within ten (10) business days after the time the notice is received, the Recipient of the disputed information may apply to the Court for an appropriate determination. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. The designated CONFIDENTIAL information shall continue to maintain its status from the time it is produced until the Court's ruling on the motion.

13. In the event it is necessary for the Parties to file CONFIDENTIAL Information with the Court in connection with any proceeding or motion, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2.

14. In the event CONFIDENTIAL information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its CONFIDENTIAL status as between the parties through such use. A party wishing to file or use in Court any information designed as CONFIDENTIAL information by the opposing party shall first confer with counsel for the designating party. If the designating party refuses to allow the information to be filed except under seal, the filing party shall file a motion requesting leave to file documents under seal pursuant to this Order, and it shall then be the burden of the

designating party to demonstrate that the CONFIDENTIAL information at issue is entitled to protection.

15. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Order.

16. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall, upon request, be returned to the party that designated it as CONFIDENTIAL, or the parties may elect to destroy all CONFIDENTIAL documents, or to retain them confidentially subject to the regular file retention and destruction procedures of respective counsel. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide the opposing party with an affidavit confirming destruction. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information pursuant to this Order and the terms and requirements of this Order shall survive the termination of this action.

17. Nothing in this Order shall preclude any party from seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL information shall be treated at trial.

18. By agreeing to the entry of this Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to the Order.

19. This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 20th day of August, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**STIPULATED AND AGREED TO BY:**

| MARK S. BOVE, P.C. | KUTAK ROCK LLP |
|---|---|
| *s/ Mark S. Bove* | *s/ Mia K. Della Cava* |
| Mark S. Bove | Mark L. Sabey, Esq. |
| 730 17th Street, Suite 635 | Mia K. Della Cava, Esq. |
| Denver, CO 80202 | 1801 California Street, Suite 3100 |
| Tel: 303-393-6666 | Denver, Colorado 80202 |
| | Tel: (303) 297-2400 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *Kyra Turner-Schlieman* | *Centura Health Corporation* |

*Exhibit A*

## WRITTEN ACKNOWLEDGMENT

Dear Counsel:

    1.    I have read the Stipulation and Protective Order in *Turner-Schlieman v. Centura Health Corporation*, Civil Action No. 10-CV-00412-PAB-KMT.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials provided to me are Confidential Information as defined in the Protective Order.

    3.    I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose whatsoever other than this litigation.

 

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

_____

_____
Telephone No.: (_____) _____

_____
(Date)