IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00412–PAB–KMT

KYRA TURNER-SCHLIEMAN,

    Plaintiff,

v.

CENTURA HEALTH CORPORATION, a Colorado corporation,

    Defendant.

---

**ORDER**

---

    This matter is before the court on the parties' "Stipulated Motion for *In Camera* Review" [Doc. No. 35] filed on January 21, 2011. The court granted the motion permitting *in camera* review on January 26, 2011.

    On or about February 4, 2011, the plaintiff submitted the plaintiff's jointly filed tax returns, both state and federal, for the years 2008 and 2009 and the federal tax return for 2007. There were no IRS Form W-2's or 1099's or any other record of income attached to any of the tax returns which would enable the court to parse income attributable to Michael Schlieman from income attributable to Kyra L. Turner-Schlieman. Also on February 4, 2011, Plaintiff filed unsealed materials openly on the court's docket consisting of Form W-'s and other earnings records of Plaintiff, but not of her co-filer husband. [Doc. No. 41, "Alternative Material

Submission".] The court presumes this publically filed information was furnished to Defendant in discovery. Finally, on February 7, 2011, Plaintiff submitted, *in camera*, a copy of the plaintiff's 2007 Colorado state income tax return as provided by the Department of Revenue in transcript format. This document also did not differentiate income attributed to one or both of the joint filers, Plaintiff and her husband.[1]

The parties apparently believe it is the court's responsibility to compare the IRS Form W-2's and other income verifications submitted in discovery as evidence of Plaintiff's earnings with the relevant IRS tax returns and determine if there is a difference and, if such a difference is noted, determine whether that difference requires production of the tax returns of Plaintiff for the years 2007, 2008 and 2009. As a matter of simple mathematics this is an impossible task when the evidentiary earnings records, either from W-2's, Form 1099's or other similar statements, have not been produced with respect to the joint co-filer to see if unaccounted for income on the tax returns is the product of the husband's earnings verses undisclosed earnings of Plaintiff.

However, far more importantly, this tedious comparison[2] is not an exercise the court should be engaged in; this is the job of the parties and their attorneys.

The court notes there is a Protective Order in this case. (See Doc. No. 21.) As evidenced by the documents produced for public consumption as attached to the Alternative Material

---

[1] The court lacks understanding why the material pertaining to Michael Schlieman was not produced to the court since Mr. Schlieman's objections were the reason for objection to production of the tax returns in the first place, thus necessitating the *in camera* review.

[2] The plaintiff has engaged in many different forms of income production from different sources, including her own business.

Submission, Plaintiff's counsel knows how to redact sensitive information such as social security numbers of reporting parties.  The Protective Order will protect from public consumption any materials marked confidential; protection for which, presumptively, the plaintiff's jointly filed tax returns would qualify.

Plaintiff has brought an action alleging unlawful employment practices under the ADEA, 29 U.S.C. §621, *et seq*.  (Complaint, ¶ 3.)  As a part of any damage calculation, a plaintiff's income in mitigation subsequent to a termination is an important part of the defense.  Plaintiff's income for the years in question is therefore highly relevant.  Fed. R. Civ. P. 26.  The court noted at least one instance revealed on the tax returns where income appearing to be directly attributable to the plaintiff was not mentioned on any of the documents disclosed in discovery, as far as the court can ascertain.[3]

A cursory review of the tax returns,[4] even in their incomplete state, offers no conceivable reason why such tax returns should not be produced in full, with the appropriate earnings records attached for all filers, in discovery.  I find the Defendant has a compelling need for the tax returns in order to verify the plaintiff's income sources for the years in question and to determine whether any legitimate sources of income have been omitted from the discovery produced to

---

[3] This information concerns a business apparently operated by Plaintiff which, after deductions and expenses, resulted in a net income loss according to the tax return.  However, the Defendant has a right to inquiry concerning this business and Plaintiff has apparently arbitrarily withheld that information.

[4] No detailed analysis was undertaken because of the lack of sufficient data to make the requested comparison.

date. The tax returns, with the indicia of income for both joint filers, is the only reasonable way for Defendant to verify that it has all income earned by the plaintiff during the relevant time period in order to prove that aspect of its defense.

Therefore, it is ORDERED

The plaintiff shall submit to the defendant as response to Defendant's Request for Production of Documents #9, her tax returns, both state and federal, for the reporting years 2007, 2008 and 2009, together with all necessary indicia of earnings for both the joint filers. The tax returns and attached information shall be marked CONFIDENTIAL pursuant to the Protective Order in this case and the social security numbers of the joint filers may be redacted prior to production. Production pursuant to this Order shall be made on or before February 15, 2011.

Dated this 10th day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge