IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00412-PAB-KMT

KYRA TURNER-SCHLIEMAN,

     Plaintiff,

v.

CENTURA HEALTH CORPORATION, a Colorado corporation,

     Defendant.

---

## ORDER

---

     This matter is before the Court on defendant's motion for summary judgment [Docket No. 22]. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

     This case arises out of the termination of plaintiff by defendant Centura Health Corporation ("Centura"), which she claims was on account of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Plaintiff worked as a flight nurse for Centura from April 1996 until her termination in March 2007. One of the requirements imposed upon flight nurses by Centura was that they must all perform at least one endotracheal intubation every three months on a live patient. As the end of 2006 approached, plaintiff had yet to complete an endotracheal intubation on a live patient in the fourth quarter of 2006. In early January 2007, she submitted a procedure record on which she indicated that, on December 28, 2006, she had performed an endotracheal intubation on a 67 year old male patient undergoing a

surgery to remove a portion of his bowel.  Plaintiff had not in fact performed that

procedure, which was immediately apparent to her supervisor, Patrick Wright, upon

seeing her procedure record because he in fact had performed the procedure on that

patient on December 28, 2006.

Wright reported the issue to Kathleen M. Mayer, the Flight for Life Colorado

Program Director, who began an investigation.  The investigation revealed no evidence

that plaintiff was where she claimed to have been or conducted the identified procedure

on December 28, 2006.  Upon inquiring of plaintiff on March 7, 2007 regarding the

apparent error on her procedure report, plaintiff stated that she performed the

procedure with another flight nurse.  That other flight nurse, however, claimed to have

performed an intubation on a different patient on December 28, 2006.  Mayer believed

that, based on this conduct, termination was appropriate.[1]

Plaintiff has asserted a single claim alleging that her termination was on account

of her age in violation of the ADEA, and defendant seeks summary judgment on that

claim.[2]

---

[1]Although plaintiff contends that her misreporting was an "honest mistake," *see*
Docket No. 28 at 8, ¶ 10, she does not dispute that Mayer believed that plaintiff's
conduct justified her termination.  *See* Docket No. 22 at 11, ¶¶ 53-54; Docket No. 28 at
6, ¶¶ 53-54.

[2]Defendant has also requested its attorney's fees.  *See* Docket No. 22 at 19.
Defendant, however, has yet to comply with Federal Rule of Civil Procedure 54(d)(2) or
D.C.COLO.LCivR 54.3.  Consequently, the Court will not reach defendant's request for
attorney's fees at this time.

## II.  STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when

"the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City &*

*Cnty. of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of*

*Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010).  A

disputed fact is "material" if under the relevant substantive law it is essential to proper

disposition of the claim.  *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir.

2001).  Only disputes over material facts can create a genuine issue for trial and

preclude summary judgment.  *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198

(10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a

reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee,* 119

F.3d 837, 839 (10th Cir. 1997).  When reviewing a motion for summary judgment, a

court must view the evidence in the light most favorable to the non-moving party.  *Id.*;

*see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

## III.  DISCUSSION

To prevail on her claim of age discrimination, plaintiff must show that age was a

"but-for" cause of her alleged adverse employment actions, which in the Tenth Circuit

requires showing that "age was the factor that made a difference" in the decision.

*Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277 (10th Cir. 2010).  Where, as here,

a plaintiff seeks to prove age discrimination by circumstantial evidence, the court must

apply a three-step analysis referred to as the *McDonnell Douglas* framework.  *See id.* at 1278.  At step one, plaintiff must make a prima facie case showing that: "1) she is a member of the class protected by the [ADEA]; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected class."  *Id.* at 1279 (quoting *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998)).  As to the fourth prong, plaintiff must also show that she was similarly situated to younger employees treated more favorably.  *See Jackson v. NTMedia*, LLC, 233 F. App'x 770, 780 (10th Cir. 2006).  At the summary judgment stage, if plaintiff presents sufficient evidence tending to prove her prima facie case, the burden shifts back to the defendants to provide legitimate, nondiscriminatory reasons for their employment decisions.  *See Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1114 (10th Cir. 2007).  Once the employer articulates a legitimate reason for its action, the burden shifts back to the employee to produce evidence creating a genuine factual dispute as to whether the proffered justification was a pretext for discrimination.  *Id.* at 1114-15.

Here, the defendant does not dispute the first two elements of the burden-shifting framework.  Furthermore, while plaintiff ostensibly argues that defendant's legitimate, non-discriminatory reason is pretext for discrimination, she admits that she filed an incorrect procedure record.  Although plaintiff denies that she engaged in any dishonesty, she does not dispute that "Ms. Mayer considered this a 'clear cut case of dishonesty,'" Docket No. 22 at 10, ¶  51; Docket No. 28 at 5, ¶ 51, and that Mayer believed that plaintiff's conduct justified her termination.  *See* Docket No. 28 at 6, ¶¶ 53-

54.[3]  "The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs."  *Rivera v. City and County of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004) (internal quotation marks and alteration omitted); *see Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000) ("[A] challenge of pretext requires us to look at the facts as they appear to the person making the decision to terminate plaintiff.").  Whether she or the Court would have reached a different personnel decision is immaterial in the absence of any evidence or argument that defendant's legitimate reason is "unworthy of credence."  *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005).

In reality, plaintiff is instead arguing that, despite the existence of a non-pretextual, legitimate reason for her termination, defendant was also motivated by age-based animus.  *See* Docket No. 28 at 17-19.  Even if the Court were to find that plaintiff had presented such evidence, she does not attempt to meet – indeed fails to even acknowledge the existence of – her burden of producing evidence to show that age-based animus was the "but for" cause of her termination.  Regardless of how plaintiff

---

[3]Plaintiff argues that "the primary reason given by Centura for its adverse action" was her failure to meet the requirement "to have one intubation of a live person per quarter."  Docket No. 28 at 15.  Plaintiff argues that such was not required by the accrediting agency cited by defendant.  Plaintiff does not dispute, however, that Centura required a live intubation per quarter.  In any event, the evidence cited by plaintiff does not support that plaintiff's termination was on account of not meeting the intubation requirement, but rather was due to incorrectly reporting that she had.  *See* Docket No. 22-27; *see also* Docket No. 22-28.

might meet the "but for" element of an ADEA claim,[4] she "must prove by a preponderance of the evidence that her employer would not have taken the challenged action but for [her] age." *Jones*, 617 F.3d at 1277 (citing *Gross v. FBL Financial Services, Inc.*, --- U.S. ----, 129 S. Ct. 2343, 2351 (2009)).  Plaintiff ignores this requirement completely.  In other words, she fails to identify on what basis a jury could find in her favor on this essential aspect of her ADEA claim.  Thus, plaintiff has failed to produce evidence creating a genuine factual dispute that age was the "but for" cause of the action.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's motion for summary judgment [Docket No. 22] is GRANTED.  Judgment shall enter in favor of defendant and against plaintiff.  It is further

**ORDERED** that the trial preparation conference scheduled for September 30, 2011 and the jury trial scheduled to begin on October 17, 2011 are vacated.

---

[4]While the Tenth Circuit in *Jones* stated that the *McDonnell Douglas* framework still applies to ADEA cases, it did not articulate whether the "but for" requirement is somehow incorporated into that analysis or is an independent determination.  In either case, what is beyond doubt is that "it is not the employer's burden to negate any possible contributory role played by age in the challenged adverse action but, conversely, the employee's burden to show that age was the 'but for' cause of the action." *Medlock v. United Parcel Service, Inc.*, 608 F.3d 1185, 1193 (10th Cir. 2010).

DATED May 9, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge